**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **A.E.**

**No. 23-9** (Mason County CC-26-2021-JA-68)

**MEMORANDUM DECISION**

Petitioner Father S.E.[1] appeals the Circuit Court of Mason County's December 6, 2022, order terminating his parental rights to A.E.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating the circuit court's December 6, 2022, order and remanding for further proceedings is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

Prior to the proceedings giving rise to this appeal, petitioner was involved in an abuse and neglect proceeding related to eight older children, with his parental rights to those children ultimately being terminated by order entered in July 2021. *In re C.E.-1*, No. 21-0657, 2022 WL 710256, at *1 (W. Va. March 9, 2022) (memorandum decision). Turning to the matter currently before the Court, the DHS filed an amended petition in February 2021 in which it alleged that petitioner abused and neglected the child by virtue of the prior involuntary termination of his parental rights to the older children, the continued deplorable living conditions in the home, and failure to provide sufficient medical care. Petitioner waived his preliminary hearing. Later that same month at an adjudicatory hearing, petitioner stipulated to the allegations against him, and the circuit court adjudicated petitioner as an abusing and neglecting parent.

---

[1]Petitioner appears by counsel Michael A. Hicks. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrew T. Waight. Counsel Michael N. Eachus appears as the child's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-1-2, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated, effective January 1, 2024, and is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because one child and petitioner share the same initials, we refer to them as A.E.-1 and A.E.-2, respectively.

Following the adjudicatory hearing, petitioner filed a motion for a post-adjudicatory improvement period. The court then held a hearing on September 1, 2022, that was noticed as a dispositional hearing. On appeal, the DHS admits that it did not file a case plan prior to this hearing or the later October 2022 hearing. At the outset of the September 2022 hearing, the court stated that "[w]e're here for disposition," after which the court immediately proceeded to address petitioner's motion for a post-adjudicatory improvement period. Specifically, petitioner's counsel stated that petitioner "has requested to present evidence" in support of his motion and proceeded to call the father to the stand. During his testimony, petitioner explained that he addressed the issue concerning the home's condition by moving to a new residence and introduced photos depicting that home taken in May 2022. Petitioner also addressed the issue of medical care by testifying to the mother's attendance at prenatal visits when pregnant with the child and to medical care obtained after her birth. Based on his steps to address the issues from the prior proceeding, petitioner testified that he was committed to participating in further services during an improvement period. Counsel for the DHS and the guardian cross-examined petitioner as to his efforts to address the conditions at issue. During the guardian's cross-examination, he introduced pictures of petitioner's home taken in January 2021, five months before the photographs petitioner introduced. During the mother's cross-examination of petitioner, counsel for the DHS objected to questions concerning the mother, and the following exchange occurred:

> [Counsel for the DHS]: Your Honor, I'm going to object because this is—I don't know if we're arguing the . . . mother's motion for an improvement period, but this is outside all the direct—all the scope of the direct. He's asking [petitioner] questions about [the mother]. We've been concentrating on [petitioner] the whole time.

> [Counsel for the mother]: Your Honor, when [petitioner] was questioned, he's been questioned about he and his wife. The questions were directed to him about he and his wife.

> THE COURT: I understand that, but I think we're going a little further afield. I think we're really dealing more with disposition relating to [the mother] when it's [petitioner's] motion for an improvement period.

Immediately following this exchange, the court concluded the hearing and continued the matter until October 2022. On September 26, 2022, the court entered an order indicating that the September 2022 hearing "was held before this [c]ourt as set for [d]isposition" in regard to A.E.-1, although it clarified that it "proceeded to hearing on [petitioner's m]otion for a [p]ost-[a]djudicatory [p]eriod of [i]mprovement." The court further indicated that it "stopped the hearing regarding [petitioner's m]otion and ORDERED the same continued until October 18, 2022, . . . for [f]urther [d]isposition." Following this hearing, the mother filed a motion for an improvement period as well.

When the hearing was reconvened in October 2022, the parties all indicated that they had no further questions for petitioner. The court asked, "Does anybody else have evidence with respect to disposition related to [petitioner]?" Several parties replied no, although the court

specifically asked counsel for the DHS, "do you have evidence with respect to [petitioner's] motion?" Counsel for the DHS then called a DHS worker. Following testimony from the DHS worker, counsel for the DHS stated that "[t]he Department rests, . . . as to [petitioner]." The court turned to the mother's motion for an improvement period, with the mother's counsel indicating, "I think I pretty much got all of the questions that I had concerning an improvement period for [the mother] in questions concerning [petitioner's] case, because they are basically one and the same." As such, counsel indicated that he did not have any evidence to present in support of the motion and asked that the court take judicial notice "of all the evidence brought in and testimony brought in on [petitioner's] case in reference to [the mother]." The court granted that motion, with no objection. The court asked, "Does anybody else have any evidence to offer with respect to [the mother]," to which no one responded in the affirmative. The court then directed the parties to "argue [their] motions." Following argument, the court proceeded to conclude that termination of petitioner's parental rights was in the child's best interest and denied the motion for an improvement period. Specifically, the court found that "it doesn't appear that we have any alternative but to terminate rights." The mother's counsel inquired, "was there a motion filed to terminate rights in this case? I thought we were just here on improvement periods." The court responded, "Well, it's for disposition. Disposition involves termination. You had your motions, but, basically, the motions are denied, and there's not a lot of other alternatives that I have. So it's disposition." Following the hearing, the court entered an order on December 6, 2022, memorializing its findings and terminating petitioner's parental rights.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Further, we have explained that,

> [w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the . . . case [will be] remanded for compliance with that process.

Syl. Pt. 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001). Here, it is clear that vacation is required because the DHS failed to provide appropriate notice that termination of petitioner's parental rights could occur at the hearings in September and October 2022. Further, this error resulted in the final hearings focusing entirely on petitioner's motion for an improvement period and a failure to hold the DHS to the appropriate burden of proof at disposition, which denied petitioner a meaningful dispositional hearing.

As set forth above, the DHS admits that it failed to file a case plan before either of the September or October 2022 hearings as required by West Virginia Code § 49-4-604(a). According

---

[3]The mother's rights were also terminated. The permanency plan for the child is adoption in the current placement. Further, petitioner filed a "Motion for Reconsideration" in regard to the court's dispositional order, but the court did not rule on the motion.

to that statute, "[c]opies of the child's case plan shall be sent to the child's attorney and parent, guardian or custodian or their counsel at least five days prior to the dispositional hearing." Further, West Virginia Code § 49-4-604(a)(1) requires that the case plan include "[a] plan to facilitate the return of the child to his or her own home or the concurrent permanent placement of the child." If the DHS believed reunification with petitioner was not an appropriate permanency plan, then it was required to include this information in the case plan and provide it to petitioner as directed by the statute, thereby providing notice that it intended to seek termination of his parental rights. Before this Court, the DHS cites to the petition to assert that petitioner was put on notice that the DHS would seek termination of his parental rights. However, if the DHS's position were accepted, it would render the Legislature's requirement to file a case plan, including notice of the DHS's position with respect to a parent's rights, irrelevant, and we refuse to do so. Instead, we note that the language of West Virginia Code § 49-4-604(a) is mandatory, and, on remand, the circuit court is directed to ensure that the DHS complies with this statute prior to holding a properly noticed dispositional hearing. *See* Syl. Pt. 2, *Terry v. Sencindiver*, 153 W. Va. 651, 171 S.E.2d 480 (1969) ("The word 'shall', in the absence of language in the statute showing a contrary intent on the part of the legislature, should be afforded a mandatory connotation.").

Further, this lack of notice resulted in the circuit court applying an incorrect burden of proof to the termination of petitioner's parental rights. In discussing the dispositional phase of abuse and neglect proceedings, this Court has been explicit that the DHS "must produce clear and convincing evidence to support" the findings that there is no reasonable likelihood that conditions of abuse and neglect can be substantially corrected in the near future and that termination is necessary for a child's welfare "before the court may sever the . . . rights of the natural parents." *State v. C.N.S.*, 173 W. Va. 651, 656, 319 S.E.2d 775, 780 (1984) (citation omitted); *see also* W. Va. Code § 49-4-604(c)(6). Conversely, the burden of proof for obtaining a post-adjudicatory improvement period rests with the moving party, who must establish that they are "likely to fully participate in the improvement period." W. Va. Code § 49-4-610(2)(B). By repeatedly indicating that all of the evidence introduced at the two dispositional hearings was in relation to petitioner's motion for a post-adjudicatory improvement period, and by explicitly limiting—upon the DHS's objection—the mother's cross-examination to *only* those facts which related to the father's *motion*, it is clear that the circuit court failed to hold the DHS to the applicable standard. This is readily apparent from the court's ruling on the record at the October 2022 hearing, at which point it indicated that because petitioner had not established that he was entitled to an improvement period, it had no choice *but* to terminate his rights. That petitioner failed to satisfy the applicable burden for obtaining an improvement period is no substitute for the DHS's substantive evidence in support of its burden for obtaining termination.

It is also important to address the due process considerations at play. We have been clear that West Virginia Code § 49-4-604 "and the Due Process Clauses of the West Virginia and United States Constitutions prohibit a court . . . from terminating the parental rights of a natural parent having legal custody of his child, without notice and the opportunity for a meaningful hearing." Syl. Pt. 1, in part, *W. Va. Dep't of Welfare ex rel. Eyster v. Keesee*, 171 W. Va. 1, 297 S.E.2d 200 (1982) (citation omitted). Further, West Virginia Code § 49-4-601(h) provides that all parents in abuse and neglect proceedings "shall be afforded a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses." Here, the circuit court offered petitioner only the opportunity to present and cross-examine witnesses in support of his

motion for an improvement period. It is also important to stress that the lone witness the DHS called in response to petitioner's motion appears to be the only witness for the DHS during the entirety of the proceedings. Simply put, petitioner was not given a meaningful opportunity to be heard on the matter of disposition where the court was clear that all evidence introduced was specifically in relation to his motion.

On appeal, the DHS repeatedly stresses that the two hearings in September and October 2022 were noticed as dispositional hearings and further seizes upon the court's limited references on the record to proceeding with disposition in order to assert that no error occurred. But this argument ignores the many instances in which the court clearly limited the scope of both hearings to the pending motions for improvement periods. The DHS additionally argues that, because West Virginia Code § 49-4-604(e) allows an improvement period as an alternative to disposition, the circuit court was permitted to consider the motions for improvement periods during the dispositional hearing. Indeed, a circuit court can consider such motions during dispositional hearings, but that portion of the hearing specifically limited to the presentation of evidence in support of such motions does not supplant the need to hold a proper dispositional hearing in accordance with West Virginia Code § 49-4-604 and this Court's prior holdings, or otherwise require the DHS to present evidence in support of the applicable burden of proof. As we have explicitly stated, "[t]he circuit court is required to conduct a disposition hearing, pursuant to West Virginia Code § 49-6-5 (1999) and Rules 33 and 35 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, *at which the issue of such termination is specifically and thoroughly addressed*." Syl. Pt. 2, *In re K.S.*, 246 W. Va. 517, 874 S.E.2d 319 (2022) (citation omitted) (emphasis added). Accordingly, the DHS's arguments on appeal fail to establish that the circuit court did not err.

For the foregoing reasons, we vacate the circuit court's December 6, 2022, order terminating petitioner's parental rights to A.E. and remand this matter to the circuit court for further proceedings as directed by this memorandum decision. The court is further directed to undertake any additional proceedings consistent with the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Chapter 49 of the West Virginia Code. The Clerk is directed to issue the mandate contemporaneously herewith.

Vacated and Remanded, with directions.

**ISSUED**: February 7, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

5